Filed 6/17/26  P. v. Triplett CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G065606 |
| v. | (Super. Ct. No. 19CF2608) |
| ANTONIO LAMONT TRIPLETT, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Richard M. King, Judge. Affirmed.

David L. Polsky, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

In 2022, a jury convicted defendant Antonio Lamont Triplett of first degree murder, robbery, and found true a felony-murder special circumstance. While his appeal was pending, Triplett filed a Penal Code section 1172.6 petition seeking to vacate the murder conviction, and to be resentenced.[1] In 2025, after this court affirmed Triplett's murder conviction, the trial court denied the section 1172.6 petition at the prima facie stage.

Triplett filed a notice of appeal. Appointed appellate counsel filed an opening brief raising no arguable issues. (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Triplett has not filed a supplemental brief.

In the interests of justice, this court has reviewed the record and found no arguable issues. (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 230 ["if the appellate court wishes, it may also exercise its discretion to conduct its own independent review of the record in the interest of justice"].)

We affirm the order of the trial court.

I.

FACTUAL AND PROCEDURAL BACKGROUND

In September 2019, Triplett was involved in an armed robbery from a marijuana dispensary that resulted in the death of an employee who was transporting cash receipts. The People charged Triplett with first degree felony murder based on a theory that Triplett was a major participant who acted with reckless disregard for human life.

In June 2022, a jury convicted Triplett of first degree murder, and second degree robbery. The jury found true a felony-murder allegation that the murder was committed during the course of the robbery. The trial

---

[1] Undesignated statutory references are to the Penal Code.

2

court imposed an aggregate sentence of life in prison without the possibility of parole.

In December 2022, while his appeal from his murder conviction was pending, Triplett filed a petition seeking to vacate his murder and attempted murder convictions and to be resentenced. (See § 1172.6.)

In November 2024, this court filed an unpublished opinion affirming the judgment, with a modification to strike Triplett's parole revocation fine. (*People v. Triplett* (Nov. 20, 2024, G062399) [nonpub. opn.].)

In May 2025, the trial court conducted a prima facie hearing and denied Triplett's section 1172.6 petition in a written order:

"The petition is DENIED on the following grounds:

"1. The defendant/petitioner's conviction by a jury trial occurred AFTER the enactment of SB 1437. The jury was NOT instructed on theories of liability banned by SB 1437, and the appellate court affirmed this conviction.

"2. Thus, the record of conviction indisputably establishes that the defendant/ petitioner has not met his burden in showing that he 'could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019.' Pen. Code § 1172.6, subd. (a)."

In June 2025, Triplett filed a notice of appeal.

In February 2026, Triplett's appointed appellate counsel filed an opening brief and a declaration advising this court that counsel "found no arguable issues to raise on appeal."

After being notified of his opportunity to do so, Triplett has not filed a supplemental brief on his own behalf.

3

## II.

## DISCUSSION

When counsel identifies no arguable issues, an appellate court reviews the record for arguable issues. (*Wende*, *supra*, 25 Cal.3d at pp. 441–442.) Generally, "an arguable issue on appeal consists of two elements. First, the issue must be one which, in counsel's professional opinion, is meritorious. That is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

Here, we have independently reviewed the record on appeal in the interest of justice, and we have similarly found no arguable issues. (See *People v. Delgadillo, supra,* 14 Cal.5th at p. 230 ["if the appellate court wishes, it may also exercise its discretion to conduct its own independent review of the record in the interest of justice"].)

The record establishes Triplett was convicted of felony murder under a still valid theory that he was a major participant in the underlying felony (robbery), and he acted with reckless indifference to human life. Thus, the trial court properly denied the petition under the relevant provisions of section 1172.6. (See *People v. Lewis* (2021) 11 Cal.5th 952, 960–970.)

## III.

## DISPOSITION

The trial court's order denying Triplett's section 1172.6 petition for vacatur and resentencing is affirmed.


                            MOORE, ACTING P. J.

WE CONCUR:


DELANEY, J.


GOODING, J.